UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **DARRYL VAN SWOL and JAN VAN SWOL, Indiana Residents** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v.   ) ) | 2:07-CV-096 AS |
| **ISG BURNS HARBOR, LLC and DONALD BOWENS, an Indiana Resident,** ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs, Darryl Van Swol and Jan Van Swol's ("Plaintiffs" or individually "Darryl" or "Jan"), Motion for Remand and For Costs filed on April 4, 2007. (Docket No. 9).

### I. PROCEDURAL HISTORY

Plaintiffs, Indiana residents, filed this case in Porter Superior Court on November 3, 2006 alleging negligence as a result of an accident at Defendant ISG Burns Harbor, L.L.C.'s ("ISG") steel mill. (Docket No. 1, Complaint). Defendant ISG is a citizen of Delaware and Ohio. Defs' Response at 2. In the original Complaint, there is no mention of Plaintiffs' address or citizenship. (Docket No. 1, Complaint). The original Complaint does allege that Plaintiff Darryl Van Swol was struck and dragged by a train car, which resulted in severe personal injuries, and his incurring ambulance, hospital, diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses, future expenses,

physical pain and suffering, mental suffering, terror, fright, loss of time, impairment of earning capacity, permanent disability, and other damages of a personal and pecuniary nature. Complaint at Counts 1 and 2, ¶¶ 5, 6.

Defendant ISG answered the original Complaint on January 24, 2007. (Docket No. 2, Answer). On March 2, 2007, Plaintiffs provided discovery responses to Defendant ISG which revealed that the Plaintiffs were citizens of the State of Indiana. In fact, Plaintiffs are Indiana residents. Plfs' Memo in Support at 1. After Plaintiffs served written discovery to ascertain the identity of the person(s) whose negligence caused the Plaintiffs' injuries, Plaintiffs filed a Motion for Leave to Amend their Complaint in state court on March 20, 2007, which was granted on the same day. (Docket No. 3, Amended Complaint). Defendant ISG received notice of the Motion to Amend, after it had been granted. Defs' Response at 4. In Plaintiffs' Amended Complaint filed on March 20, 2007 in state court (filed on March 22, 2007 accordingly to this Court's docket), Plaintiffs added the defendant, Donald Bowens ("Bowens"). (Docket No. 3, Amended Complaint). Bowens is an Indiana resident. Plfs' Memo in Support at 1. Specifically, the Plaintiffs added Counts III and IV against Defendant Bowens alleging that the railcar that injured Plaintiff Darryl was operated and controlled by Bowens, and that Bowens breached the duty owed to Darryl and other workers on the premises to use reasonable care in the operation and/or control of the locomotives and attached railcars. (Amended Complaint at Counts III and IV). Therefore, as a result of Bowens' negligence, Plaintiffs allege that

2

Darryl was struck and dragged by a locomotive and attached railcars operated and/or controlled by Bowens resulting in serious injury to Darryl (as specified above) and causing Jan Van Swol to be deprived of Darryl's love, companionship, society, consortium, and/or services. *Id.* at ¶ 8. In particular, Plaintiffs allege that their injuries were caused by Bowens' negligence and/or recklessness in operating the locomotive which created a dangerous condition on the premises, failing to or negligently inspecting the locomotive and rail cars, failing to warn about the movement of the locomotive and railcars, failing to ensure that it was safe to move the locomotive and railcars, failing to comply with safety rules, policies, and procedures, failing to provide for the protection of the workers in proximity to the locomotive and railcars, and failing to use the same care that a reasonably prudent person would have used under the same or substantially similar circumstances. *Id.* at ¶ 7(A)-(M). When the alleged incident occurred on April 4, 2005, Bowens was (and is) an hourly employee of Defendant ISG, and was working as a locomotive engineer at ISG's plant in Burns Harbor, Indiana. Defs' Response at 9. Plaintiff Darryl Van Swol was an employee of Transco Industrial Service, Inc., working on ISG's premises in Burns Harbor. *Id.* at 10.

On March 30, 2007, after receiving discovery responses and after the Amended Complaint was filed, Defendants ISG and Bowens filed a Notice of Removal with this Court asserting that it has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because none of the parties of interest who were properly joined as defendants, are citizens of

Indiana. Defs' Response at 1. Thereafter, on April 4, 2007 Plaintiffs filed the pending Motion for Remand and For Costs. (Docket No. 9). Plaintiffs assert that Defendants cannot remove the case to federal court because the petition is untimely pursuant to 28 U.S.C. § 1446(b) and/or because Bowens is an Indiana resident and removal would violate 28 U.S.C. § 1441(b). Therefore, Plaintiffs state that because subject matter jurisdiction also does not exist in this case, the court should remand the case to Porter Superior Court. Further, Plaintiffs allege that Defendants' conduct in seeking removal was unreasonable such that Plaintiffs should be awarded fees. On April 23, 2007, Defendants filed a Response in Opposition to the Motion to Remand and for Costs (Docket No. 10) requesting the Court to deny the motion because the Notice of Removal was timely filed and because diversity jurisdiction exists where the Plaintiffs fraudulently joined Bowens as a defendant in the state court action, and as such, his place of residence does not eliminate diversity jurisdiction. Plaintiffs replied on April 23, 2007. (Docket No. 14). Oral arguments were heard on the motion in South Bend, Indiana on May 18, 2007.

## II. STANDARD OF REVIEW

Generally, the party seeking a federal forum has the burden of establishing that jurisdiction in the federal courts is appropriate. *Fate v. Buckeye State Mut. Ins. Co.,* 174 F.Supp.2d 876, 878 (N.D.Ind. 2001) (citing *Wellness Community-National v. Wellness House,* 70 F.3d 46, 49 (7th Cir.1995)). Indeed, when a federal court's exercise of

4

jurisdiction is challenged following removal, the burden of establishing federal jurisdiction rests on the party seeking to preserve removal. *Id.* (citing *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir. 1993), *r'hrng. denied* (holding that defendants seeking removal may meet that burden by a preponderance of the evidence, which means proof to a reasonable probability that jurisdiction exists)); *but see, Meridian Security Insurance Co. v. Sadowski,* 441 F.3d 536 (7th Cir. 2006). Moreover, the standard for removal as applied to a removing defendant is more exacting than as applied to a plaintiff asserting diversity jurisdiction in the initial pleadings. *Id.* (citing *Pratt, Bradford & Tobin, P.C. v. Norfolk & Western Ry. Co.,* 885 F.Supp. 1126, 1130 (S.D.Ill.1994)). In short, any doubts regarding jurisdiction should be resolved in favor of remanding the action to state court. *Id.* (citing *Bush v. Roadway Express, Inc.,* 152 F.Supp.2d 1123, 1125; *Tom's Quality Millwork, Inc. v. Delle Vedove USA, Inc.,* 10 F.Supp.2d 1042, 1044 (E.D.Wis. 1998)).

   Particular to this suit is whether this federal district court has original jurisdiction over a civil action pursuant to 28 U.S.C. § 1332. Whether § 1332 supplies jurisdiction must be determined at the outset of a case, as events that take place after a suit begins do not affect diversity jurisdiction. *See Geschke v. Air Force Ass'n*, 425 F.3d 337, 341 (7th Cir. 2005), *cert. denied*. This is not a case where post-removal a plaintiff sought to join additional defendants whose joinder would destroy subject matter jurisdiction, *see Trembinski v. Allstate Ins*., 2006 WL 2435544 (N.D.Ind. 2006), but here, the Plaintiffs

amended the Complaint in state court and added a non-diverse defendant; however, Defendants removed the case and alleged that the non-diverse defendant was fraudulently joined and therefore removal was proper and the case should not be remanded to state court.  *See Gottlieb v. Westin Hotel Co.*, 990 F.2d 323 (7th Cir. 1993).  Therefore, this Court looks to Plaintiffs' Amended Complaint, the one that Defendants removed to federal court, to see whether the case satisfies the requirements for removal based upon diversity jurisdiction.

### III.  DISCUSSION

**A.     Timeliness of Defendants' Notice of Removal**

Plaintiffs argue that ISG did not file its notice of removal until March 30, 2007, even though ISG received the Plaintiffs' original Complaint well before it answered on January 24, 2007, and therefore the notice was untimely under 28 U.S.C. § 1446(b). Further, Plaintiffs assert that they were prevented from pleading a specific dollar amount in their complaint for personal injury, pursuant to Ind. T.R. 8(A)(2); however, ISG was not entitled to ignore the "warning bells" that significant damages were sought, as all that must be shown in order to support removal is a "reasonable probability" that the court has jurisdiction.  Plfs' Memo in Support at 2-3.

Defendants argue that the Plaintiffs' original Complaint was silent as to the Plaintiffs' address or citizenship, and Plaintiffs' Complaint and Amended Complaint did not mention an amount in controversy, nor did Plaintiffs' March 2, 2007 discovery

6

responses indicate that the amount in controversy exceeded $75,000.  Defs' Response at 5-6.  Most importantly, Defendants assert that Plaintiffs March 2, 2007, discovery responses revealed that the Plaintiffs were citizens of Indiana and that Plaintiff Darryl had incurred medical bills in excess of $75,000, plus additional injury.  Defs' Response at 6.  Therefore, Defendants argue that upon receiving the information from discovery, Defendants timely removed the Plaintiffs' Complaint.  *Id.*

Here, the Court finds that from the face of the original Complaint and Amended Complaint, sufficient information was provided with regard to the amount in controversy being in excess of $75,000.  *See McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D.Ill. 2002) (holding that defendant has the responsibility to ascertain from a reasonable and common-sense reading of the complaint whether the action is removable, and that the notice of removal was untimely where the complaint indicated that significant damages were sought); *Fate v. Buckeye State Mut. Ins. Co.*, 174 F.Supp.2d 876, 879 (N.D.Ind. 2001).  However, there is no doubt that Plaintiffs' original Complaint was silent as to the Plaintiffs' address and citizenship.  To the extent that Defendants were only able to obtain this information after Defendant ISG received the Plaintiffs' discovery responses dated March 2, 2007, then the Notice of Removal was timely filed on March 30, 2007 in accordance with Section 1446(b). 28 U.S.C. § 1446(b) (allowing a notice of removal to be filed within thirty days after the receipt by the defendant of a motion or other paper from which it may first be ascertained that the case is one which is or has

7

become removable). Therefore, there will be no remand on the basis of untimeliness of the Notice of Removal.

**B.     Joinder of Defendant Bowens**

Here, there is no doubt the Amended Complaint is based solely on state law negligence claims against Defendants ISG and Bowens. *See* Amended Complaint. Therefore, jurisdiction can be proper only where diversity jurisdiction exists, pursuant to 28 U.S.C. § 1332. However, when Plaintiffs filed their Amended Complaint in state court on March 20, 2007, Plaintiffs named both ISG and Donald Bowens as Defendants. As previously mentioned, the Plaintiffs are residents of Indiana, and Bowens is also an Indiana resident. Therefore, diversity jurisdiction would not exist, unless Bowens was fraudulently joined as a Defendant. *See Gottlieb*, 990 F.2d at 327 (holding that in determining whether there is diversity of citizenship, parties fraudulently joined are disregarded) (other citations omitted).

Defendants argue that the allegations in the Amended Complaint reveal that Plaintiffs cannot establish a cause of action against Bowens and he was fraudulently joined in the action solely to defeat federal diversity jurisdiction, and as such, Bowens' place of residence should not prevent the finding of diversity jurisdiction. Defs' Response at 7-8. In relevant part, Defendants argue that Plaintiffs cannot allege that Bowens owed a duty to Plaintiffs "independent of his employment relationship with ISG." *Id.* at 14, 17. Defendants also state that "[j]ust because defendant Bowens may

8

have participated in ISG's day-to-day operations does not mean that he sufficiently controlled the mill such that business owner liability may attach." *Id.* at 17. In other words, Defendants suggest that Plaintiffs are solely attempting to assert a premises liability claim against Bowens. *Id.* at 2. Therefore, Defendants argue that because Plaintiffs have no reasonable possibility of recovery against Bowens, the joinder of Bowens was fraudulent and his state of residency does not destroy diversity in this case. Defs' Response at 17. In the alternative, Defendants argue that Plaintiffs have only alleged nonfeasance or passive negligence on the part of Defendant Bowens, for which Plaintiffs may not hold him liable, therefore Plaintiffs' Motion to Remand should be denied. *Id.* at 3, 17-18 (citing *Nichols v. Kirkpatrick Management Co.*, 536 N.E.2d 565, 567 (Ind.Ct.App. 1989)).

On the other hand, Plaintiffs argue that Defendants cannot pigeon-hole this case into one of premises liability. *See* Plfs' Reply at 2. Here, after receiving notice that Defendant Bowens was the operator of the locomotive, Plaintiffs amended the complaint and properly added Bowens. In other words, Plaintiffs contend that Bowens' active negligence caused the Plaintiffs' damages, and since this is a tort case for active negligence, not just a premises liability case, under Indiana law Plaintiffs are entitled to sue the principal (ISG), the agent (Bowens), or both. *See* Plfs' Memo in Support at 8; Plfs' Reply at 2-3 (citing *INDOT v. McEnery*, 737 N.E.2d 799, 802 (Ind.Ct.App. 2000), *trans. dismissed* (citing *Dodge & Sons v. Finn*, 391 N.E.2d 638, 641 (Ind.Ct.App. 1979)

9

(cases cited therein)).

A defendant seeking removal bears a "heavy burden to establish fraudulent joinder." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)*; Poulos v. Naas Foods, Inc*., 959 F.2d 69, 73 (7th Cir. 1992).  Fraudulent joinder may be found where: (1) the plaintiff makes false allegations concerning jurisdictional facts, or (2) the more common scenario, where a plaintiff attempts to join an in-state defendant by asserting a claim against that defendant that has no reasonable possibility of success.  *Id.*

Here, this Court disagrees with Defendants' contention that Plaintiffs fraudulently joined Defendant Bowens.  This case is not about a bad faith denial of an insurance claim, *see Schwarz v. State Farm Mut. Auto Ins. Co.,* 174 F.3d 875, 878 (7th Cir. 1999).  Rather, like the plaintiffs in *Trembinski v. Allstate Ins. Co.*, 2006 WL 2435544 (N.D.Ind. 2006), the Plaintiffs here have asserted negligence claims against Bowens.  Claims based upon the active negligence of a principal, the agent, or both the principal and agent clearly have support under Indiana law.  *See INDOT v. McEnery*, 737 N.E.2d 799, 802 (Ind.Ct.App. 2000) (holding that it is true that an agent who commits a tortious act is equally liable with the principal and the agent cannot escape liability on the ground that he acted for a principal) (citing *Dodge & Sons v. Finn*, 391 N.E.2d 638, 641 (Ind.Ct.App. 1979)). Defendants ISG and Bowens carry a heavy burden to show fraudulent joinder.  Here, the only argument posed by Defendants to support their position that Bowens was joined simply to defeat diversity jurisdiction, is that Plaintiffs cannot pursue a negligence claim

10

against Bowens based upon premises liability. Yet, Plaintiffs explicitly argue, and the Amended Complaint supports, that their claim against Bowens is based upon Bowens' active negligence which directly caused the Plaintiffs injury, and not simply a claim based on premises liability. It is not to be forgotten that a Plaintiff is the master of his complaint. *See Garbie v. Daimler Chrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). Here, Bowens is properly named in the Amended Complaint.

Furthermore, although it is true that an agent cannot be held responsible for nonfeasance, that is not the claim Plaintiffs are making in the present case against Defendant Bowens. *See Nichols*, 536 N.E.2d at 566. In *Nichols* the court specifically stated "[w]here a duty rests on the principal and not on the agent, its nonperformance by the latter creates no liability against him, if injury results. True he may owe a duty to the principal to faithfully discharge his duties as agent, but he owes no duty to others *except that in performance of those duties he shall not do anything which will cause injury to them*. . ." *Id.* at 567 (emphasis added). Obviously, Plaintiffs Van Swol's allege that Bowens, in the performance of his duties as an employee of ISG, directly caused injury to them. Therefore, Plaintiffs alleged more than mere nonfeasance, and again, Bowens has properly been named a defendant in the Amended Complaint. Because Defendants have failed to demonstrate that Bowens was fraudulently named a Defendant in this matter, this court does not have jurisdiction where there is not diversity among the parties, and no federal question is present. Accordingly, Plaintiffs' Motion for Remand is granted in this

11

respect, and this case shall be remanded to state court.

**C.     Fees under 28 U.S.C. § 1447(c)**

Lastly, Plaintiffs assert that because Defendants knew that their position was unsupported by Indiana law before it removed the action, Defendants conduct in seeking removal was unreasonable such that Plaintiffs should be awarded fees. *See* Plfs' Reply at 3 (citing 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704 (2005).

The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Id.* Conversely, when an objectively reasonable basis exists, fees should be denied. *Id.* (citations omitted). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. *Id.* When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c). *Id.* (other citations omitted).

Here, this Court believes that Defendants made a good faith argument in its reading of the Amended Complaint, that the allegations by Plaintiffs against Bowens were premised upon a premises liability claim rather than active negligence. In other words, Plaintiffs' briefing and oral argument now clearly demonstrate that Plaintiffs are

12

asserting an active negligence claim against Bowens; however, this Court cannot find that Defendants lacked an objectively reasonable basis for seeking removal at the time that Defendants filed their Notice of Removal when Defendants only had the allegations contained in the Amended Complaint to rely on.  Therefore, based upon their plausible interpretation of the Amended Complaint, Defendants' conduct in seeking removal was not unreasonable such that Plaintiffs should be awarded fees.  Accordingly, this Court denies Plaintiffs' request for fees pursuant to 28 U.S.C. § 1447(c).

### IV.  CONCLUSION

Based on the foregoing analysis, because there is no jurisdiction in this Court, Plaintiffs, Darryl Van Swol and Jan Van Swol's, Motion for Remand is **GRANTED**; however, Plaintiffs' Motion for Costs is **DENIED**.  (Docket No. 9).  It is further ordered that the Clerk of this Court shall remand this matter to Porter Superior Court, Indiana.

**SO ORDERED**.

**DATED: June 20, 2007**

                                         S/ ALLEN SHARP
                                  **ALLEN SHARP, JUDGE**
                                  **UNITED STATES DISTRICT COURT**